The opinion of a majority of the Court was drawn up by
*206 Oct. 30th, 1828.
Parker C. J.
William Sumner junior was not an interested witness. He could claim nothing of his father of the damages recovered, because he had suffered nothing. He paid for the use of the mill according to the value of the rent, deducting the obstruction. He can have no action against the defendants for the same reason, viz. that he is not damnified.
The damage to the plaintiff was immediate ; it reduced the value of his property and the rent ; as owner of the property he is entitled to the action. The question only is, whether his proof supports his declaration. He declares he was seised and possessed of the mill ; the evidence was, that part of the time he carried on the mill in company with his son, and for the residue of the time it was carried on by his two sons. It does not appear for what time or under what terms the sons had the use of the mill; it must be presumed therefore that they were but tenants at will. The injury was in fact done while the plaintiff was in possession and before any contract with his sons, for by the contract a deduction was made from the rents to accrue during the time they should hold. The daily diminution of profits was consequential upon a wrong done while the plaintiff was in actual possession. On this ground, and because the damage was only to the plaintiff, we think the proof supports the declaration. In the case of Starr v. Jackson, cited in the argument, the question was merely on the form of the action, whether it should be trespass or case. Here there is no question about the form of the action, but merely whether the evidence shows that the plaintiff was in possession ; technically he was, because the possession of the tenant at will is the possession of the landlord, and is enough to prove the fact alleged of possession : and as to the injury, it is clear that it was done to the plaintiff, and that all the damage was suffered by him. Under these circumstances it would be too strict to put the parties to the expense of another trial if there were a technical error in the declaration ; which however we do not think satisfactorily made out.
It is said that in the case of Baker v. Sanderson, reported in 3 Pick. 348, a different doctrine wras advanced by the Court; but we do not see that case in this light. The second count m the declaration was objected to, because it alleged that *207 uther persons than the then plaintiff were in the actual possession of the mill during part of the time for which damages occasioned by the defendant had been given by the jury 5 but that objection was overruled, because in the same count it was averred that the plaintiff had reduced his rent on that account. Now it is inferred from this in argument, that because in the present case the plaintiff has alleged that he was possessed, this allegation is contradicted by the evidence that the sons during part of the time had the use of the mill; but such an inference is not necessary. The objection was, that the count was bad because it alleged, that during part of the time when the injury happened, the mills were in possession of another. This would have been insuperable, as is stated in the opinion, but for the subsequent averment of the reduction of the rent, for the plaintiff would have himself shown that the lessee, and not he, had suffered the damage.[1]
In the present case the objection is not to the count, but to the evidence. The plaintiff avers that he himself was seised and possessed ; it turns out that for one part of the time one of his sons occupied with him, and that for another part, his two sons occupied without him, not under lease, but as we suppose by some verbal contract. This evidence did not negative his possession, for in law he was still in possession ; and then as to his right to recover under these circumstances, it appearing that on account of the obstruction he had reduced the rent, the case is brought within the principle on which the case of Baker v. Sanderson was decided.
It is perfectly clear, that no prescriptive right to maintain the flash-boards was proved by the defendants ; nor was there any such use as laid a foundation of presumption of a grant; as it was proved that when ordered to be removed they were removed, and as late as 1823 the right of the plaintiff to have them removed was acknowledged, permission having been then asked to raise them, and a compensation offered therefor. The instruction of the judge was certainly correct on this point, and the jury must be understood to have found the fact, that *208 the defendant kept the boards up only by permission of tne plaintiff.
The plaintiff had a right to calculate upon the state of things as they existed when he erected his mill. There was then a dam on the defendants’ privilege, but no flash-boards ; nor were there any until a year afterwards. This was then a new obstruction by the defendants contrary to the plaintiff’s right and this right was admitted and acquiesced in by the defendants. There is no such right as the defendants claim, to raise by flash-boards the water to a level with the bottom of the plaintiff’s wheel. Both parties had a right to use their water privilege. The defendants having first erected their dam to an adequate height for the common state of the water, the plaintiff had a right to work his mill without interruption by any additional dam by the defendants.
The verdict is therefore right, and the judgment will be entered accordingly.

 See Anderson v. Nesmith, 7 N. Hampsh. R. 167; Robertson v. George, 7 IN. Hampsh. R. 306; Little v. Palister, 3 Greenl. 6.